UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>DOUGLAS A. VANDENBURGH, individually and as trustee for PACTRAC (FAMILY TRUST), PATRICIA VANDENBURGH, THE ARCHTRUSTEE OF THE SANTIAGO SEAFARERS SOCIETY, and WALLA WALLA COUNTY, WASHINGTON,<br><br>    Defendants. | NO.  CV-03-5117-RHW<br><br><br>**ORDER GRANTING THE UNITED STATES' MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST ALL DEFENDANTS EXCEPT WALLA WALLA COUNTY** |

Before the Court is the United States' Motion for Entry of Default Judgment Against All Defendants Except Walla Walla County (Ct. Rec 60).  The motion was heard without oral argument.

PROCEDURAL BACKGROUND

On November 26, 2003, the Government filed suit against Defendants to (1) reduce federal tax assessments against Douglas VanDenburgh and Patricia VanDenburgh to judgment; (2) set aside fraudulent conveyances of certain real property, or in the alternative, determine that the VanDenburghs are the true owners of the property; and (3) foreclose federal tax liens on the property.  On August 5, 2004, default

**ORDER GRANTING THE UNITED STATES' MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST ALL DEFENDANTS EXCEPT WALLA WALLA COUNTY ~ 1**

was entered against the Defendants.[1]

On July 22, 2005, the United States moved for entry of default judgment against Douglas A. VanDenburgh in the amount of $213,915.67, plus statutory interest accruing from July 31, 2005, and against Patricia VanDenburgh in the amount of $71,311.14, plus statutory interest accruing from July 31, 2005.

Defendants filed a response on August 5, 2005.  In their response, Defendants attack the jurisdiction of the Court, attack the statutory authority of the Internal Revenue Service, and assert that they do not owe the Government anything.

Pursuant to Fed. R. Civ. P. 55(b)(2), the Court may enter judgment by default. The Ninth Circuit has set forth factors the Court should consider when determining whether default judgment should be entered:  Factors that may be considered by courts in exercising discretion as to the entry of a default judgment include: (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.  *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

In this case, all of the factors weigh in favor of entering judgement by default. Plaintiff filed this suit in November 2003.  Nearly two years later, Defendants have not participated in the resolution of this case in good faith.  Defendants filed motions for extensions of time to file responses, which were granted; a motion to dismiss, which was denied; a motion for reconsideration, which was denied; an appeal to the Ninth Circuit, which was denied; and an appeal for reconsideration to the Ninth Circuit, which was

---

[1]On May 17, 2005, Defendant Walla Walla County was dismissed pursuant to the parties' stipulation.

**ORDER GRANTING THE UNITED STATES' MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST ALL DEFENDANTS EXCEPT WALLA WALLA COUNTY ~ 2**

denied.[2]  More importantly, on April 8, 2004, the Court directed Defendants to file an answer to Plaintiff's complaint.  Defendants have yet to comply with the Court's order. There is a significant amount of money at stake in this case, and the Government has met its burden of proof regarding the amount of unpaid federal taxes that are due.  *See United States v. Janis*, 428 U.S. 433, 440-441 (1976); *United States v. Stonehill*, 702 F.2d 1288, 1293-94 (9th Cir. 1983).  Defendants have failed to provide any evidence that would dispute this amount.  *See Flores v. United States*, 551 F.2d 1169, 1174 (9th Cir. 1977) (recognizing that a taxpayer in response to an assessment and payment of taxes on his own account must carry the burden of disproving his liability in the amount calculated by the Government).

Additionally, the Government has shown that federal tax liens have attached to the property in question.  *See* 26 U.S.C. § 6322; *United States ex rel. IRS v. McDermott*, 507 U.S. 447, 448 (1993).  Finally, the Government has established that the Archtrustee holds title to the Property as the nominee of Douglas A. VanDenburgh and Patricia VanDenburgh.

Accordingly, **IT IS HEREBY ORDERED:**

1.  The United States' Motion for Entry of Default Judgment Against All Defendants Except Walla Walla County (Ct. Rec. 60) is **GRANTED**.

2.  The District Court Executive is directed to enter judgment as follows:

a.  Judgment in favor of the United States and against Douglas A. VanDenburgh for his unpaid assessed federal income tax liability for tax years 1987-1994 in the amount of $213,915.67, plus statutory interest accruing from July 31, 2005.

b.  Judgment in favor of the United States and against Patricia VanDenburgh for her unpaid assessed federal income tax liabilities for tax years 1987-94 in the amount of

---

[2]In its May 4, 2004 order, Defendants were instructed that the Court's order denying the Defendant's Motion to Dismiss was not a final order that was immediately appealable to the Ninth Circuit.  (Ct. Rec. 28).

**ORDER GRANTING THE UNITED STATES' MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST ALL DEFENDANTS EXCEPT WALLA WALLA COUNTY ~ 3**

1  $71,311.14, plus statutory interest accruing from July 31, 2005.

2      3.   The Court makes the following findings:

3      a.   The United States has valid liens against the real property located at 731 North

4  6th Street, Walla, Walla, Washington 99362, and all property and rights to property of

5  Douglas A. VanDenburgh and Patricia VanDenburgh.

6      b.   The VanDenburghs are the true owners of the real property located at 731

7  North 6th Street, Walla, Walla, Washington 99362.

8      4.   The federal tax liens of the United States shall be foreclosed and the real

9  property located at 731 North 6th Street, Walla, Walla, Washington 99362 be sold

10 pursuant to 26 U.S.C. § 7403(c) and 28 U.S.C. § 2001, and the proceeds shall be

11 distributed in accordance with the priorities provided by law, including the satisfaction

12 of the federal tax liens.

13     5.   Costs and fees are awarded to Plaintiff.  Plaintiff is directed to file a bill of

14 costs within 10 days of the date of this order.

15     **IT IS SO ORDERED.**  The District Court Executive is hereby directed to enter

16 this order, and to furnish copies to counsel and *pro se* Defendants.

17     **DATED** this 28th day of September, 2005.

18

19              s/ ROBERT H. WHALEY
                Chief United States District Judge

25 Q:\CIVIL\2003\VanDenburg, Pactrac\judgment.order.wpd

**ORDER GRANTING THE UNITED STATES' MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST ALL DEFENDANTS EXCEPT WALLA WALLA COUNTY ~ 4**