UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　Plaintiff,<br><br>　　v.<br><br>DOUGLAS A. VANDENBURGH, individually and as trustee for PACTRAC (FAMILY TRUST), PATRICIA VANDENBURGH, and THE ARCHTRUSTEE OF THE SANTIAGO SEAFARERS SOCIETY,<br><br>　　Defendants. | NO. CV-03-5117-RHW<br><br>**ORDER GRANTING UNITED STATES' MOTION FOR ENTRY OF ORDER OF FORECLOSURE AND JUDICIAL SALE** |

　　Before the Court is the United States' Motion for Entry of Order of Foreclosure and Judicial Sale (Ct. Rec. 77). The motion was heard without oral argument. Defendants did not file any opposition to the motion.

　　On September 28, 2005, the Court entered an Order for Judgment against Douglas A. VanDenburgh and Patricia VanDenburgh in favor of the United States (Ct. Recs. 63, 64, and 65). It was ordered that Douglas A. VanDenburgh and Patricia VanDenburgh are indebted to the United States for the unpaid assessed balances on individual federal income taxes and accrued interest and penalties for tax years 1987 through 1994 in the amount of $213,915.67 and $71,311.14 respectively, as of July 31, 2005, plus interest pursuant to 26 U.S.C. § 6601, 6621, and 6622, and 28 U.S.C. § 1961(c) and other accruals as allowed by law until paid in full.

　　It was further ordered that the United States has valid federal tax liens on a

**ORDER GRANTING UNITED STATES' MOTION FOR ENTRY OF ORDER OF FORECLOSURE AND JUDICIAL SALE ~ 1**

property located at 731 North 6th Street, Walla Walla, Washington, 99362 ("the subject property"), and that the federal tax liens on the subject property can be enforced and the property sold pursuant to 28 U.S.C. § 2001.

The Court finds that good cause exists to grant the motion. *See United States v. Rodgers*, 461 U.S. 677, 709 (1983) (We can think of virtually no circumstances, for example, in which it would be permissible to refuse to authorize a sale simply to protect the interests of the delinquent taxpayer himself or herself.").

Accordingly, **IT IS HEREBY ORDERED**:

1. The United States' Motion for Entry of Order of Foreclosure and Judicial Sale (Ct. Rec. 77) is **GRANTED**.

2. The United States' federal tax liens shall be **FORECLOSED** on the real property located at 731 North 6th Street, Walla Walla, Washington, 99362 and legally described as follows:

> Lot 7 and the north 41.5 feet of Lot 6 in Block 15 of Langford's Addition to
> the City of Walla Walla, according to the official plat thereof of record in
> the office of the Auditor of Walla Walla County, State of Washington,

(Walla Walla County Parcel No. 36-07-19-59-1506).

3. The **JUDICIAL SALE** of the subject property shall be conducted as follows:

   1. The United States Marshal for the Eastern District of Washington, his or her representative, or an Internal Revenue Service Property Appraisal and Liquidation Specialist ("PALS"), is hereby authorized and directed under 26 U.S.C. § 7403 and 28 U.S.C. § 2001, et seq. to offer for public sale and to sell the subject property. The United States may choose either the United States Marshal or a PALS to carry out the sale pursuant to this Court's Order.

   2. The Marshal, his or her representative, or a PALS is hereby authorized to have free access to the subject property and to take all actions necessary to preserve said property, including, but not limited to, retaining a locksmith or other person to change or install locks or other security devices on any part of the

property, until the deed to the subject property is delivered to the ultimate purchaser.

    3. The terms and conditions of the judicial sale shall be as follows:

A.    The sale of the subject property shall be free and clear of the interest of Douglas A. VanDenburgh and Patricia VanDenburgh;

B.    The sale shall be subject to building lines, if established, all laws, ordinances, and governmental regulations (including building and zoning ordinances) affecting the subject property, and easements and restrictions of record, if any;

C.    The sale shall be held at the courthouse of the county or city in which the subject property is located, on the subject property's premises, or at any other place in accordance with the provisions of 28 U.S.C. §§ 2001 and 2002;

D.    The date and time for sale shall be announced by the United States Marshal, his or her representative, or a PALS;

E.    Notice of the sale shall be published once a week for at least four consecutive weeks before the sale in at least one newspaper regularly issued and of general circulation in Walla Walla, Washington, and, at the discretion of the Marshal, his or her representative, or a PALS, by any other notice deemed appropriate. The notice shall contain a description of the subject property and the terms and conditions of sale as set forth in this Court's Order;

F.    The minimum bid shall be set by the Internal Revenue Service. If the minimum bid is not met or exceeded, the Marshal, his or her representative, or a PALS may, without further permission of this Court, and under the terms and conditions as set forth in this Court's Order, may hold a new public sale, if necessary, and reduce the minimum bid or sell to the second highest bidder;

**ORDER GRANTING UNITED STATES' MOTION FOR ENTRY OF ORDER OF FORECLOSURE AND JUDICIAL SALE** ~ 3

G.  The successful bidder(s) shall be required to deposit at the time of the same with the Marshal, his or her representative, or a PALS a minimum of ten percent (10%) of the bid, with the deposit to be made by certified or cashier's check or cash payable to the United States District Court for the Eastern District of Washington. Before being permitted to bid at the sale, bidders shall be required to display to the Marshal, his or her representative, or a PALS proof that they are able to comply with this requirement. No bids shall be received from any person(s) who has not presented proof that, if they are the successful bidders(s), they can make the deposit required by this Court's Order;

H.  The balance of the purchase price for the Subject property shall be paid to the United States Marshall, his or her representative, or a PALS within twenty (20) days after the date the bid is accepted, by a certified or cashier's check, payable to the United States District Court for the Eastern District of Washington. If the bidder fails to fulfill this requirement, the deposit shall be forfeited and shall be applied to cover the expenses of the sale, including commissions due under 28 U.S.C. § 1921(c), with any amount remaining to be applied to the income tax liabilities of defendants Douglas A. VanDenburgh and Patricia VanDenburgh at issue herein. The subject property shall be again offered for sale under the terms and conditions of this Court's Order. The United States may bid as a credit against its judgment without tender of cash;

I.  The sale of the subject property shall be subject to confirmation by the Court. The United States shall file a Report of Sale with the Court, together with a proposed Order of Confirmation of Sale and Distribution of Sales Proceeds, along with a proposed Deed, within twenty (20) days from the date of receipt of the balance of the purchase price;

J.  On confirmation of the sale, the Marshal, his or her representative, or

**ORDER GRANTING UNITED STATES' MOTION FOR ENTRY OF ORDER OF FORECLOSURE AND JUDICIAL SALE ~ 4**

PALS shall execute and deliver a Deed of Judicial Sale conveying the subject property to the purchaser;

K.     On confirmation of the sale, all interests in, liens against, or claims to, the subject property that are held or asserted by all parties to this action shall be discharged and extinguished;

L.     On confirmation of the sale, the Recorder of Deeds for Walla Walla County, Washington shall cause transfer of the subject property to be reflected upon that County's register of title; and

M.     The sale shall be ordered pursuant to 28 U.S.C. §2001, and shall be made without right of redemption.

4. Until the subject property is sold, defendants Douglas A. VanDenburgh and Patricia VanDenburgh, along with any party that may claim possession of the Subject property, shall take all reasonable steps necessary to preserve the property (including all buildings, improvements, fixtures and appurtenances on the property) in its current condition including, without limitation, exhausting reasonable steps to procure and maintain a fire and casualty insurance policy on the property. They shall neither commit waste against the subject property nor cause or permit anyone else to do so. They shall neither do anything that tends to reduce the value or marketability of the subject property nor cause or permit anyone else to do so.  The defendants shall not record any instruments, publish any notice, or take any other action (such as running newspaper advertisements or posting signs) that may directly or indirectly tend to adversely affect the value of the subject property or that may tend to deter or discourage potential bidders from participating in the public auction, nor shall they cause or permit anyone else to do so.

5. All persons occupying the subject property shall leave and vacate the property permanently within thirty (30) days from the date of entry of this Order of Foreclosure and Judicial Sale, each taking with them his or her personal

**ORDER GRANTING UNITED STATES' MOTION FOR ENTRY OF ORDER OF FORECLOSURE AND JUDICIAL SALE** ~ 5

property (but leaving all improvements, buildings, fixtures, and appurtenances to the property). If any person fails or refuses to leave and vacate the property by the time specified in this Order, the United States Marshal's Office, alone, shall be authorized to take whatever action it deems appropriate to remove such person from the premises, whether or not the sale of such property is being conducted by a PALS. If any person fails or refuses to remove his or her personal property from the subject property by the time specified herein, the personal property remaining on the property thereafter shall be deemed forfeited and abandoned, and the United States Marshal's Office shall be authorized to remove it and to dispose of it in any manner it deems appropriate, including sale, in which case the proceeds of the sale shall be applied first to the expenses of sale, with the balance to be paid into the Court for further distribution.

6. The proceeds arising from the sale of the subject property shall be paid to the Clerk of this Court and applied as far as they are sufficient, according to the terms of this Court's Order of Distribution of Sales Proceeds, which shall be determined at the time of sale confirmation.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to enter this order, and to furnish copies to counsel and *pro se* Defendants.

**DATED** this 8th day of July, 2009.

*S/ Robert H. Whaley*

ROBERT H. WHALEY
Chief United States District Judge

Q:\CIVIL\2003\VanDenburg, Pactrac\foreclosure.wpd

**ORDER GRANTING UNITED STATES' MOTION FOR ENTRY OF ORDER OF FORECLOSURE AND JUDICIAL SALE ~ 6**